```
 1            IN THE UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
 2                    NASHVILLE DIVISION

 3
    UNITED STATES OF AMERICA          )
 4                                    )
        Plaintiff,                    )
 5                                    )
    v.                                ) 3:22-cr-00392-1
 6                                    ) JUDGE RICHARDSON
                                      )
 7  BENJAMIN T. TOH,                  )
                                      )
 8      Defendant.                    )
                                      )
 9                                    )
    ------------------------------------------------------------
10

11

12

13    BEFORE THE HONORABLE ELI J. RICHARDSON, DISTRICT JUDGE

14
                      TRANSCRIPT OF PROCEEDINGS
15                       SENTENCING HEARING

16
                          January 7, 2025
17

18                         Volume 1 of 2

19

20

21

22  ------------------------------------------------------------

23  DEBORAH K. WATSON, RPR, CRR
    Official Court Reporter
24  713 Church Street, Suite 2300
    Nashville, TN 37203
25  debbie_watson@tnmd.uscourts.gov
```

very difficult for defendant. We don't have access to Specialty Drug Testing's full records. The government hasn't produced it to us; they probably do have it. If we had to, I could ask the government to produce all that stuff to me. I don't know if that is going to make enough of a difference to push us below 1.5.

But given all that, I think the Court could simply say, look, the amount is more than 1.5, less than 2.474.

**THE COURT:** I think that that's -- I think that's fair to say in this sense: The Court's job is to say, really, on the guideline calculation is which range it's in. And if I say it's more than 1.5 million but less than 3.5, I think I've sort of said enough. You know, understanding you're not objecting to how we've gotten to this issue in the first place, but I do think that your notion that I don't have to say that this is the figure and that it's necessarily exactly that figure rather than something somewhat less, I think that's right.

So I can say it's between 1.5 million and 3.5 million. And the notion that there are probably some deductions that could have been out there to go from gross benefit to net benefit is something I'm prepared to accept.

But I did want to note that, you know, in cases that do address, you know, how to go from gross to net in

1  similar contexts, not necessarily 2B4.1, but in similar
2  contexts where I think the analogy is appropriate, you know,
3  you would have a case like *United States v. Landers*, a Fifth
4  Circuit case from 1995, 68 F.3d 882.  And here, this one
5  does happen to involve 2B4.1.  This one does.
6           But it does so by reference to Application
7  Note 2C1.1, so in other words, it's a 2B4.1 case.  I
8  acknowledge, though, that it's relying on some principles
9  related to 2C1.1.  But I still think in this context, the
10 idea is easily transferable the way other concepts related
11 to 2C1.1 are not transferable to the 2B4.1 context.
12          And what the case here says, when you go from
13 gross to net, that it is appropriate to deduct what they
14 call direct costs.  And I won't get too much into the weeds
15 because *Landers* isn't real helpful about this.  But, you
16 know, direct costs would have to mean costs, you know,
17 related to particular tests.
18          Now, it occurs to me, actually, that indirect
19 costs would be the kind of thing that would include overhead
20 attributable to the portion of the laboratory's business
21 that was involved in generating these tests that were
22 improperly billed.  *Landers* notes that indirect costs should
23 not be deducted from gross value.
24          So, you know, I think the fact that, you know,
25 hey, you need to deduct at least a portion of rent and a

1  portion of employee costs and so forth, I was initially
2  receptive to that, but I probably, in rethinking it under a
3  case like *Landers*, you don't deduct indirect costs.
4          I do think the -- and I think it would be -- you
5  know, I think that probably if an effort was to be made to
6  try and go below 1.5 million, I don't have a basis for
7  saying that the government needs to disprove that direct
8  costs do not take this -- wait.
9          I don't think the government has to disprove that
10 direct costs take this amount below 1.5 million.  I don't
11 think they have that burden.
12         So I'm going to come in, at long last, on this
13 issue, we're between 1.5 million and 3 million.  It's
14 Level 16.  Certainly higher than the defendant wanted, but
15 lower than the government wanted.
16         So that's where we are on that.  Everyone's
17 objections are preserved except to the extent indicated
18 otherwise, but generally they certainly are preserved as far
19 as I'm concerned.
20         Now, let's talk about restitution.
21         **MR. LEE:**  Yes, Your Honor.
22         **THE COURT:**  All right.
23         **MR. LEE:**  Okay.  And going back, actually to what
24 you said --
25         **THE COURT:**  One moment, Mr. Lee.